**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WAWA, INC.; and
WILD GOOSE HOLDING CO., INC.,

     Plaintiffs,

v.                              Case No.:

SHAYONA KRUPA, LLC,     *6:14-cv-1872-ORL· 31 KRS*

     Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

     Plaintiffs Wawa, Inc. ("Wawa") and Wild Goose Holding Co., Inc. ("Wild Goose") (collectively "Plaintiffs"), by and through their attorneys, and as and for their Complaint against Defendant Shayona Krupa, LLC ("Defendant"), aver as follows:

### PARTIES, JURISDICTION & VENUE

     1.    This civil action asserts claims for trademark infringement, false designation of origin, trademark dilution and unfair competition arising under the Lanham Act, as amended, 15 U.S.C. §§ 1051 *et seq.*, and the statutory and common laws of the State of Florida. The amount in controversy exclusive of interests and costs exceeds the sum or value of $75,000.

     2.    This Court has jurisdiction over the claims that Plaintiffs are asserting under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

     3.    Wawa is a New Jersey corporation having its principal place of business at 260 West Baltimore Pike, Wawa, PA 19063.

4.    Wild Goose is a Delaware corporation having its principal place of business at 1105 North Market Street, Suite 1300, Wilmington, DE 19899.

5.    On information and belief, Defendant is a Florida limited liability company with a place of business at 2901 Parkway Boulevard, #B12, Kissimmee, FL 34747.

6.    Venue is proper in this District and Division under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7.    Since at least as early as 1905, long prior to the acts complained of herein, Wawa has used the name and mark WAWA in connection with dairy products and non-alcoholic beverages and in the advertising, marketing and sale of the same in interstate commerce.

8.    Since at least as early as 1964, long prior to the acts complained of herein, Wawa has used the name and mark WAWA in connection with retail food store services and in the advertising, marketing and sale of the same in interstate commerce.

9.    Since at least as early as 1969, long prior to the acts complained of herein, Wawa has used the name and mark WAWA in connection with fast food restaurant services and in the advertising, marketing and sale of the same in interstate commerce.

10.   Since at least as early as 2000, long prior to the acts complained of herein, Wawa has used the name and mark WAWA in connection with a variety of food products and in the advertising, marketing and sale of the same in interstate commerce.

11.   Wawa has been one of the leading food and convenience store retailers in this United States. Among other things, Wawa has been recognized as one of the "Top

100" retailers in the United States and is ranked as the 40th largest private company by Forbes magazine. Wawa is well-known among the general public and in the convenience and food store industry.

12.    Wawa's goods and services sold under the name and mark WAWA, which are recognized in this State and the United States to be of the highest quality, are offered for sale and sold in interstate commerce.

13.    From 1905 to the present, Wawa's advertising and sales of goods and services under the name and mark WAWA have been and are significant.

14.    From 1905 to the present, Wawa has engaged in substantially exclusive use of the name and mark WAWA.

15.    As a result of such substantial advertising and sales under the mark WAWA and the maintenance of premium quality standards relating thereto, and the substantially exclusive use of said mark, the mark WAWA has become widely and favorably recognized by the general consuming public of this State and the United States, as a distinctive indication of the origin of the goods and services of Wawa. The mark WAWA has become unique and is identified by the general public solely with Wawa and its goods and services. The mark WAWA has become and is an extremely valuable symbol of Wawa, its reputation and goodwill.

16.    As a result of the foregoing efforts and investment, the mark WAWA has become famous and distinctive in this State and in a substantial portion of the United States.

17.    Wawa, under its prior name, duly registered the mark WAWA for "dairy

3

products – namely, fluid milk, buttermilk, skim milk, fortified skim milk, heavy cream, light cream, chocolate milk, non-alcoholic egg nog, ice cream, fresh eggs and butter; bakery products – namely, bread and rolls" in the United States Patent and Trademark Office ("USPTO") under Registration No. 890,189, which issued April 28, 1970.

18.    Wawa duly registered the mark WAWA for "iced tea and ice cream," "carbonated and non-carbonated non-alcoholic beverages – namely, soft drinks, tonic and club soda, orange juice, and fruit juice drinks containing water," "non-alcoholic apple cider" and "retail food store services" in the USPTO under Registration No. 1,299,708, which issued October 9, 1984.

19.    Wawa duly registered the mark WAWA (plus design) for "retail convenience store services" in the USPTO under Registration No. 1,761,847, which issued on March 30, 1993.

20.    Wawa has assigned all of its rights, title and interest in the mark WAWA, the goodwill symbolized by the mark, and Registration Nos. 890,189, 1,299,708 and 1,761,847 to Wild Goose, and the deeds of assignment have been duly recorded in the USPTO. Wild Goose accordingly is the record owner of Registration Nos. 890,189, 1,299,708 and 1,761,847 of the mark WAWA.

21.    Wild Goose duly registered the mark WAWA (plus design) for "retail convenience store services" in the USPTO under Registration No. 2,651,851, which issued on November 19, 2002.

4

22.     Wild Goose duly registered the mark WAWA for "fast food restaurant services" in the USPTO under Registration No. 2,819,429, which issued on March 2, 2004.

23.     Wild Goose duly registered the mark WAWA for "bottled water" in the USPTO under Registration No. 3,722,383, which issued on December 8, 2009.

24.     Wild Goose duly registered the mark WAWA for "coffee; coffee based beverages; coffee pods; ground coffee beans" in the USPTO under Registration No. 4,442,772, which issued on December 3, 2013.

25.     Wild Goose duly registered the mark WAWA for "online retail store services featuring gift cards, coffee, clothing, hats, bags and novelty items" in the USPTO under Registration No. 4,475,327, which issued on January 28, 2014.

26.     Wild Goose and Wawa have entered into license agreements under which Wild Goose has granted Wawa an exclusive license to use various marks owned by Wild Goose including, but not limited to, the mark WAWA. By virtue of such licenses, Wild Goose and Wawa are related companies within the meaning of Section 5 of the Lanham Act, 15 U.S.C. § 1065. Consequently, all use of the mark WAWA by Wawa inures to the benefit of Wild Goose as a matter of law.

27.     Registration Nos. 890,189, 1,299,708, 1,761,847, 2,651,851, 2,819,429, 3,722,383, 4,442,772 and 4,475,327 are each prima facie evidence of the validity the marks shown therein and Wild Goose's ownership thereof, and are constructive notice of ownership of the mark WAWA by Wild Goose, all as provided by Sections 7(b) and 22 of the Lanham Act, 15 U.S.C. §§ 1057(b) and 1072. As Registration Nos. 890,189,

5

1,299,708, 1,761,847, 2,651,851 and 2,819,429 have each achieved incontestable status under Section 15 of the Lanham Act, 15 U.S.C. § 1065, said registrations are conclusive evidence of Plaintiffs' exclusive right to use the mark WAWA in commerce. True and correct copies of Registration Nos. 890,189, 1,299,708, 1,761,847, 2,651,851, 2,819,429, 3,722,383, 4,442,772 and 4,475,327 are annexed hereto as Exhibits A, B, C, D, E, F, G and H respectively, and made a part hereof.

28.     Registration  890,189,  1,299,708,  1,761,847,  2,651,851,  2,819,429, 3,722,383, 4,442,772 and 4,475,327 and the marks covered thereby are valid, in full force and effect, and are owned by Wild Goose.

29.     Notwithstanding Plaintiffs' well-known and prior exclusive rights in the mark WAWA, and long after the mark WAWA had become distinctive and famous, Defendant, with at least constructive notice, and on information and belief actual notice, of the mark WAWA, has adopted and used the name and mark WAWA CURRY in this judicial district and in interstate commerce, in connection with restaurant services.

30.     Defendant is not associated, affiliated or connected with or authorized, endorsed or sanctioned by Plaintiffs. Further, Defendant's use of WAWA CURRY in the manner hereinabove alleged was and is without the consent or authority of Plaintiffs.

31.     Defendant's name and mark is identical to Plaintiffs' name and mark in its use of the dominant term WAWA.

32.     Plaintiffs' mark WAWA and Defendant's mark WAWA CURRY engender substantially similar, if not identical, appearances, sounds, meanings and

6

overall commercial impressions, such that confusion as to the source of the goods and services offered under the respective marks is likely to result.

33.     The parties' respective goods and services are closely and highly related, and they move in similar channels of trade.

34.     Defendant's use of WAWA CURRY, in manner hereinabove alleged, is likely to cause the public to believe, contrary to fact, that Defendant's services offered under the name and mark WAWA CURRY are sponsored, licensed and/or otherwise approved by, or is in some way connected or affiliated with Plaintiffs.

35.     Defendant's restaurant services, which are offered and rendered within Plaintiffs' trade area, are likely to be rendered to, marketed to, purchased, used or otherwise received by Wawa's consumers and potential consumers of WAWA retail food, convenience store and restaurant services. Wawa's consumers, upon encountering, purchasing, using or otherwise receiving Defendant's services, are likely to be confused and deceived and are likely to falsely believe in the existence of some association between Defendant or its services and Plaintiffs, all to the injury of Plaintiffs.

36.     Defendant's use of the name and mark WAWA CURRY, as set forth above, is likely to damage and materially diminish the value of the name and mark WAWA and result in Defendant unfairly benefiting and profiting from the reputation and goodwill that is represented by the name and mark WAWA.

## COUNT I – TRADEMARK INFRINGEMENT

37.     As a cause of action and ground for relief, Plaintiffs allege trademark infringement by Defendant under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1),

and at common law, and incorporate ¶¶ 1 through 36 of the Complaint as a part of this count.

38.     As described above, the mark WAWA is a valid, protectable trademark long held by Plaintiffs.

39.     On information and belief, Defendant had actual knowledge of Plaintiffs' prior use of the name and mark WAWA when Defendant began using the name and mark WAWA CURRY in connection with its services. On information and belief, Defendant has long known of the fact that the public associates the mark WAWA with the goods and services of Plaintiffs, and Defendant has sought to capitalize on the goodwill engendered by the mark WAWA by adopting the identical name WAWA as the dominant part of their name and mark WAWA CURRY.

40.     Plaintiffs have repeatedly requested Defendant to cease and desist from its acts of trademark infringement, trademark dilution and unfair competition and have given Defendant actual notice of Plaintiffs' mark WAWA and the registrations therefor, but Defendant has ignored said requests and refused to cease such acts. Defendant has engaged in the aforementioned, complained-of acts willfully, deliberately and with an entire want of care as would raise the presumption of conscious indifference to its consequences.

41.     Defendant's use of the similar mark WAWA CURRY, without the consent of Plaintiffs, is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendant's goods, as described above.

42.     By reason of Defendant's acts alleged herein, Plaintiffs have and will

suffer damage to their business, reputation and goodwill, and Defendant has and will enjoy profits to which it is otherwise not entitled, for which Plaintiffs are entitled to relief at law.

43.     Unless enjoined by this Court, Defendant will continue to infringe the name and mark WAWA, thereby deceiving the public and causing Plaintiffs immediate and irreparable injury. It would be difficult to ascertain the amount of compensation that could afford Plaintiffs adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate it for injuries threatened.

### COUNT II – FALSE DESIGNATION OF ORIGIN

44.     As a cause of action and ground for relief, Plaintiffs allege that Defendant has engaged in acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and incorporate by reference ¶¶ 1 through 36 of the Complaint as a part of this count.

45.     Defendant's use of the name and mark WAWA CURRY in the manner hereinabove alleged constitutes a false designation of origin within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which is likely to cause confusion, mistake or deception as to the source, origin, authorization, sponsorship and/or approval of Defendant's commercial activities with respect to the name and mark WAWA.

46.     The nature and probable tendency and effect of Defendant's use of the name and mark WAWA CURRY in the manner hereinabove alleged is to enable Defendant to confuse or deceive the public by misrepresenting the service offered for sale

9

and rendered under said name and mark, as sponsored, licensed and/or otherwise approved by, or are in some way connected or affiliated with Plaintiffs. Such conduct constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendant's actions have been conducted intentionally and willfully, with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Plaintiffs and to improperly appropriate to itself the valuable trademark rights of Plaintiffs.

## COUNT III – TRADEMARK DILUTION

48. As a cause of action and ground for relief, Plaintiffs allege trademark dilution by Defendant under § 43(c) of the Lanham Act, 15 U.S.C. 1125(c), Fla. Stat. § 495.151, and at common law, and incorporate ¶¶ 1 through 36 of the Complaint as a part of this count.

49. The name and mark WAWA is a distinctive and famous mark. The name and mark WAWA is inherently strong and distinctive, has long been used in connection with the goods and services on which it appears, has long been the subject of substantial advertising and promotion, has been used and advertised throughout this State and a substantial portion of the United States, is widely recognized by the consuming public and those in the trade, is in substantially exclusive use, and is federally registered, as alleged above. The unlawful acts of Defendant alleged herein were commenced and committed from a time after the name and mark WAWA became famous.

50. Defendant's use of the mark WAWA CURRY in the manner hereinabove

10

alleged is likely to cause and has caused dilution of the distinctive quality of the mark WAWA as a unique source identifier for Plaintiffs in the minds of consumers, all to the irreparable injury to and damage of Plaintiffs.

51.     Defendant's use of the mark WAWA CURRY in the manner hereinabove alleged has lessened the capacity of the mark WAWA to uniquely identify and distinguish the goods and services of Plaintiffs and has blurred and tarnished the unique association which has heretofore existed between the mark WAWA and the goods and services provided by Plaintiffs.

52.     Defendant's use of the mark WAWA in the manner hereinabove alleged constitutes trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), Fla. Stat. § 495.151 and at common law.

53.     On information and belief, Defendant has committed the above-described acts willfully and with the intent to trade on the recognition, reputation and goodwill represented by the mark WAWA and to cause dilution of the mark WAWA, with full knowledge of Plaintiffs' rights.

54.     By reason of Defendant's acts alleged herein, Plaintiffs have and will suffer damage to their business, reputation and goodwill, and Defendant has and will enjoy profits to which it is otherwise not entitled, for which Plaintiffs are entitled to relief at law.

55.     Unless enjoined by this Court, Defendant will continue to impair the distinctive quality and capacity of the mark WAWA as a unique source identifier for Plaintiffs, thereby causing Plaintiffs immediate and irreparable injury. It would be

difficult to ascertain the amount of compensation that could afford Plaintiffs adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate it for injuries threatened.

**COUNT IV – UNFAIR COMPETITION**

56.     As a cause of action and ground for relief, Plaintiffs allege that Defendant has engaged in acts of unfair competition at common law, and incorporate by reference ¶¶ 1 through 36 of the Complaint as a part of this count.

57.     By virtue of Defendant's acts, hereinabove pleaded, Defendant has engaged in conduct which is contrary to honest, industrial and commercial practice, and thus, has engaged in unfair competition, in violation of the common law of the State of Florida.

58.     Defendant's acts, hereinabove pleaded, are calculated to procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Plaintiffs at substantial effort and expense and represented by the distinctiveness of the name and mark WAWA.

59.     Defendant has engaged in the aforementioned acts willfully and deliberately and with full knowledge of the name and mark WAWA and Plaintiffs' rights therein.

60.     Defendant's unfair competition is likely to cause consumer confusion.

61.     Defendant will continue to compete unfairly unless restrained by this Court. As a result of Defendant's unfair competition, Plaintiffs will be unable to control

the loss of the distinctive quality and reputation represented by the mark WAWA and will sustain still further damages in an amount difficult to ascertain.

## COUNT V – DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

62.     As a cause of action and ground for relief, Plaintiffs allege that Defendant has engaged in acts in violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.* ("FDUTPA"), and incorporate by reference ¶¶ 1 through 36 of the Complaint as a part of this count.

63.     By virtue of Defendant's acts of unfair methods of competition and unfair and deceptive trade practices, hereinabove pleaded, Defendant has violated the FDUTPA.

64.     Defendant has engaged in the aforementioned acts willfully and deliberately and with full knowledge of the name and mark WAWA and Plaintiffs' rights therein.

65.     Defendant will continue to compete unfairly unless restrained by this Court. As a result of Defendant's unfair competition, Plaintiffs will be unable to control the loss of the distinctive quality and reputation represented by the mark WAWA and will sustain still further damages in an amount difficult to ascertain.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that:

A.     The Court enter judgment declaring that:

     i.     Defendant has infringed the mark WAWA under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law;

     ii.     Defendant has violated Section 43(a) of the Lanham Act,

13

15 U.S.C. § 1125(a);

iii.   Defendant has caused dilution and likelihood of dilution of the distinctiveness of the mark WAWA under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), Fla. Stat. § 495.151 and at common law;

iv.   Defendant has engaged in unfair competition at common law;

v.   Defendant has violated Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*;

vi.   Defendant's acts of trademark infringement, trademark dilution and unfair competition were undertaken willfully and knowingly; and

vii.   This case is "exceptional" pursuant to 15 U.S.C. § 1117.

B.   Defendant and each of its members, agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, be enjoined from:

i.   Using the trademarks WAWA, WAWA CURRY and/or any other confusingly similar designation, alone or in combination with other words, phrases, symbols or designs, as a trademark, service mark, trade name, domain name component, or otherwise to market, advertise or identify Defendant's commercial activities or services;

ii.   Otherwise infringing the mark WAWA;

iii.   Using the mark WAWA, WAWA CURRY and/or any other mark

14

that is likely to cause and/or causes dilution of the distinctive
quality of the mark WAWA;

iv.     Unfairly competing with Plaintiffs in any manner whatsoever, or
otherwise injuring its business reputation in the manner
complained of herein; and

v.      Engaging in assignments or transfers, formation of new entities or
associations or utilization of any other device for the purpose of
circumventing or otherwise avoiding the prohibitions set forth in
sub-paragraphs (a) through (d) above.

C.      Pursuant to 15 U.S.C. § 1118, Defendant be ordered that all labels, signs,
prints, packages, wrappers, receptacles, advertisements, electronic or computer files in
the possession, custody or control of Defendant, bearing the mark WAWA CURRY, or
any reproduction, counterfeit, copy, or colorable imitation thereof and all plates, molds,
matrices, and other means of making or reproducing the same, be delivered up to
Plaintiffs and destroyed.

D.      Defendant be ordered to transfer the registration of the domain name
WAWACURRYTASTEOFINDIA.COM to Plaintiffs.

E.      Defendant be required, within thirty (30) days after service of judgment, to
file with this Court and serve upon Plaintiffs' counsel, a written report, under oath,
setting forth in detail the manner in which they have complied with the Judgment.

F.      Defendant be directed to pay to Plaintiffs compensatory damages in an
amount to be determined at trial for the injuries sustained by Plaintiffs in consequence of

the acts complained of herein and that such damages be trebled because of the willful acts described herein.

      G.     Defendant be required to account for and pay to Plaintiffs all profits realized by it as the result of the acts complained of herein.

      H.     Defendant be required to pay to Plaintiffs both the costs of this action and the reasonable attorneys' fees incurred by Plaintiffs.

      I.     Defendant be required to pay pre- and post-judgment interest according to law.

      J.     The Court award any available punitive and exemplary damages against Defendant and in favor of Plaintiffs.

      K.     Plaintiffs be granted such other, different and additional relief as this Court deems equitable and proper.

Respectfully submitted this 17th day of November, 2014.

Suzanne E. Gilbert
Florida Bar No. 94048
Lauren Millcarek
Florida Bar No. 100317
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Suite 2600
Orlando, Florida 32801
(407) 425-8500
suzanne.gilbert@hklaw.com
lauren.millcarek@hklaw.com
dawn.spurlock@hklaw.com

*Attorneys for Plaintiffs Wawa, Inc. and Wild Goose Holding Co., Inc.*

16